Counsel for Plaintiffs
Weisberg Cummings, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
(717) 238-5707

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEFF DaNIELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIGURE 8 COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No.: ___3:20-cv-125___<br><br>COLLECTIVE AND CLASS ACTION<br><br>**JURY TRIAL DEMANDED**<br>*ELECTRONICALLY FILED* |

## COLLECTIVE AND ACTION COMPLAINT

Named Plaintiff, JOSEFF DaNIELL, individually and on behalf of all others similarly situated, by and through undersigned counsel, WEISBERG CUMMINGS, P.C., hereby files this Collective and Class Action Complaint ("Complaint") against Defendant, FIGURE 8 COMMUNICATIONS, INC. ("Figure 8" or "Defendant"), for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 333.101 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1 *et seq.*, as well as well as common law claims for breach of contract and unjust enrichment, as follows:

## PARTIES

### A.  Named Plaintiff

1.  Named Plaintiff, Joseff DaNiell ("Mr. DaNiell" or "Named Plaintiff"), is an adult individual and resident of the Commonwealth of Pennsylvania, who resides at 2626 Beale Avenue, Altoona, Blair County, Pennsylvania.   Mr. DaNiell was employed as a Lineman[1] for Figure 8 Communications, Inc. from in or about January 2019 to in or about April 2019. Mr. DaNiell's consent to join the collective action aspect of this lawsuit is attached to this Complaint as Exhibit A.

2.  At all times relevant to this Complaint, Mr. DaNiell was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), the PMWA, 43 P.S. § 333.103(h), and the PWPCL, 43 P.S. § 260.2a.

### B.  Defendant

1.  Figure 8 Communications, Inc. ("Figure 8" or "Defendant") is registered in the Commonwealth of Pennsylvania as a domestic business corporation that employs Linemen such as Mr. DaNiell to provide construction installation and maintenance services to telecommunication companies throughout the Northeastern United States, including the Commonwealth of Pennsylvania. Figure 8 has a registered corporate address of 322 Coventry Court, Hollidaysburg,

---

[1] The Lineman position at Figure 8 Communications, Inc. includes employees performing work as ground hands and/or climbers.

Blair County, Pennsylvania and maintains its corporate headquarters at 1301 Allegheny Street, Suite 156A, Hollidaysburg, Blair County, Pennsylvania.

2.     At all times relevant to this Complaint, Figure 8 conducted business operations and employed Mr. DaNiell within the Commonwealth of Pennsylvania.

3.     At all times relevant to this matter, Figure 8 was an "employer" of Mr. DaNiell and all similarly situated Linemen as described further below, within the meaning of the FLSA, 29 U.S.C. § 203(d), the PMWA, 3 P.S. § 333.103(g), and the PWPCL, 43 P.S. § 260.2a.

4.     At all times relevant to this Complaint, Figure 8 has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

5.     At all times relevant to this Complaint, Figure 8 has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

6.     Figure 8 has had, and continues to have, an annual gross income of sales made, or business done, of not less than $500,000.00.  29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

7.     The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.  Subject matter jurisdiction over these FLSA claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.     This Court has supplemental jurisdiction over Named Plaintiff's related PMWA, PWPCL, breach of contract, and unjust enrichment state law claims pursuant to 28 U.S.C. § 1367(a).

9.     Venue in this district is proper under 28 U.S.C. § 1391(b), because Defendant maintained an office and operations in this judicial district, Named Plaintiff was employed in and resides in this district, and a substantial part of the events giving rise to Named Plaintiff's claims occurred in this district.

## BACKGROUND

10.     Mr. DaNiell and all others similarly situated who opt into the collective action aspect and/or who do not opt out of the class action aspect of this lawsuit (collectively "Plaintiffs") were piece rate Linemen employed by Figure 8, a job which did not require an advanced degree, and acquired their skill by experience rather than by an advanced specialized intellectual instruction with respect to their job qualifications.

4

11.     Figure 8 told Plaintiffs that Linemen crews would be a paid specific amount on a piece rate basis for 1) each foot of cable/wire "lashed-up" (*i.e.*, thirty-five cents (35¢) per foot of fiber optic cable), 2) each anchor mounted (*i.e.*, twenty-five dollars ($25) per anchor), and 3) each pole transfer (*i.e.*, thirty dollars ($30) per pole transfer) when performing these Linemen job duties, and were not paid by the hour or an overtime rate, although federal and state law requires paying them by the hour and at an overtime rate for hours in excess of forty (40) hours per week.

12.     The Linemen would then each receive a percentage of the piece rate wages based on the number of Linemen on the crew, the amount of seniority held by each Linemen, and the actual work performed by each Linemen on the piece rate job.

13.     In addition to the above piece rate wages, Figure 8 told Plaintiffs that they would be paid ten dollars ($10) per hour when performing Linemen work unrelated to the aforementioned piece rate job duties, as well as a flat rate of one hundred and fifty dollars ($150) when on call for storm "clean-up," plus an additional ten dollars ($10) per hour if actually deployed.

14.     Plaintiffs accepted employment with Defendant on these terms, thus creating an oral agreement/contract with regard to payment for services paid on a piece rate basis.

15.    From the date of each Plaintiff's hire, Defendant underreported the piece rate of its Linemen to suppress Plaintiffs' wages, applied the underreported piece rate to decrease Plaintiffs' "regular rate" of pay, and frequently forced Plaintiffs to work in excess of forty (40) hours per week.

16.    Specifically, Figure 8's Foreman on their Linemen crews would send fictitious work reports to Figure 8's Human Resources Department that intentionally underreported the actual piece rate work performed by the crew and the length of shifts, thus suppressing not only the piece rate wages earned by Plaintiffs, but also Plaintiffs' "regular rate" of pay and the total number of hours worked by Plaintiffs.

17.    As a result, Figure 8 willfully refused to pay Plaintiffs their correct piece rate, "regular rate" of pay, and overtime for the time they worked in excess of forty (40) hours per week from their date of hire through the filing date of this Complaint.

18.    Figure 8 has willfully violated the FLSA, related federal regulations, and Pennsylvania wage and hour laws through its failure to properly pay Plaintiffs their correct piece rate, using the underreported piece rate to decrease their "regular rate" of pay, and refusal to pay the legally mandated rate for all overtime hours they have worked.  In particular, Defendant underreported the piece rate services of its Linemen to suppress their wages, used this underreported piece rate to

decrease their "regular rate" of pay, and often forced Plaintiffs to work in excess of forty (40) hours per week, and in such cases, Defendant did not pay additional compensation to account for the qualified overtime. Specifically, Defendants forced Plaintiffs to work twelve (12) to fifteen (15) hour shifts without overtime pay. Defendants knew and have been aware at all times that Plaintiffs regularly worked in excess of forty (40) hours per week, and yet failed to pay them for all overtime hours they worked at the legally mandated rate.

19. Further, in violation of federal and state laws, including without limitation, the FLSA and Pennsylvania wage and hour laws, Figure 8 did not post employees' rights posters and/or provide any required notices to employees, including Plaintiffs, regarding their rights under such laws, despite Figure 8 having multiple legal counsel advising it on compliance with wage payment laws. These actions demonstrate that Figure 8's non-compliance was willful, malicious, and in knowing violation of the federal and state laws addressed herein.

20. Plaintiffs were subjected to Figure 8's common plan of underreporting their piece rate to suppress their wages, using this underreported piece rate to decrease their "regular rate" of pay, and depriving them of overtime pay.

21. In addition to the above wage and hour violations, Figure 8 retaliated against Mr. DaNiell in violation of the antiretaliation provision of the FLSA by terminating his employment after he complained and reported that Figure 8 was

not paying Plaintiffs for all of their piece rate and overtime hours they worked at the legally mandated rate.

22.     Specifically, Mr. DaNiell made numerous reports about these wage and hour violations to his direct Supervisor/Foreman, John Houp, Figure 8's Office Manager, Sandy Weakland, and Figure 8's Owner, Mike Long, throughout his entire tenure of employment, but was informed that Figure 8 does not pay overtime for work performed on a piece rate basis.

23.     Mr. DaNiell was ultimately terminated in April, 2019 after his insistence that Figure 8 cease and correct its wage and hour violations.

24.     Figure 8's retaliation was willful, malicious, and in knowing violation of the antiretaliation provision of the FLSA.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

### *This Case Should be Certified as an "Opt-In" Collective Action Under the FLSA*

25.     Named Plaintiff brings this action under the FLSA, 29 U.S.C. § 216(b), as an "opt-in" collective action on behalf of all similarly situated individuals who worked as piece rate Linemen for Figure 8 in Pennsylvania at any time within three (3) years prior to this action's filing date through the final disposition of this action (the "FLSA Class").

26.     At all relevant times, Named Plaintiff and the FLSA Class are and have been similarly situated, have had substantially similar job requirements, have been subject to the same pay structure, have been subject to Figure 8's common practices of willfully failing to properly pay piece rate to suppress their wages, using this underreported piece rate to decrease their "regular rate" of pay, and refusing to pay overtime wages, and have not been subject to individualized circumstances that impact their right to recover the damages sought herein, as described in the preceding paragraphs.

27.     Upon information and belief, Figure 8 employed some fifty (50) similarly situated piece rate Linemen, including Named Plaintiff, that worked in West Central Pennsylvania and other regions throughout the Commonwealth.

28.     The number and identity of these persons yet to opt-in and consent to be party plaintiffs may be determined from records under the control of Figure 8, and these persons would benefit from the issuance of a Court-supervised notice of the instant lawsuit and the opportunity to join in the lawsuit.

29.     Named Plaintiff has no conflict of interest with the FLSA Class and will fairly and adequately protect the interests of the FLSA Class.

30.     Named Plaintiff has retained counsel experienced and competent in collective/class actions and complex employment litigation who will fairly and adequately protect the interests of the FLSA Class.

31.     The books and records of Figure 8 are material to the claims set forth in this Complaint as they disclose the piece rate services performed, hours worked, and wages paid to Named Plaintiff and the FLSA Class.

***This Case Should be Certified as a Class Action Under Fed. R. Civ. P. 23***

32.     Pursuant to Federal Rule of Civil Procedure 23, Named Plaintiff also brings PMWA, PWPCL, breach of contract, and unjust enrichment claims in this Complaint as a class action on behalf of all similarly situated individuals who worked as piece rate Linemen for Figure 8 in Pennsylvania at any time within three (3) years prior to this action's filing date through the final disposition of this case ("Rule 23 Class").

33.     Upon information and belief, Figure 8 employed some fifty (50) similarly situated piece rate Linemen, including Named Plaintiff, that worked in West Central Pennsylvania and other regions throughout the Commonwealth.  The number of members in the Rule 23 Class is therefore large enough that joinder of individual members in this action is impracticable.

34.     There are common questions of law and fact, including whether Figure 8's practices of underreporting the amount of piece rate work performed by its Linemen in an effort to suppress wage, and using this underreported piece rate to decrease their "regular rate" of pay, violates the right to payment for actual services completed pursuant to the oral agreement between Figure 8 and its

Linemen, whether Figure 8's failure to properly calculate the "regular rate" of its Linemen for the purpose of paying overtime violates their rights under the PMWA, and whether Figure 8 was unjustly enriched by these practices.

35.     For the same reasons, the claims of the Rule 23 Class are typical of the claims of Named Plaintiff, and there is no conflict between Named Plaintiff and any other member of the Rule 23 Class.

36.     Named Plaintiff will fairly and adequately protect the interests of the Rule 23 Class.

37.     Attorneys for Named Plaintiff are experienced and capable class action litigators and will fairly and adequately represent the interests of the Rule 23 Class.

38.     This action is properly maintained as a class action under Federal Rule of Civil Procedure 23(b)(1)(A).   The prosecution of separate actions by individual members of the Rule 23 Class against Figure 8 would create a risk of inconsistent adjudications that would establish incompatible standards of conduct.

39.     This action is properly maintained as a class action under Federal Rule of Civil Procedure 23(b)(2), in that Figure 8 has acted on grounds generally applicable to the Rule 23 Class by underreporting the amount of piece rate work performed by its Linemen in an effort to suppress wages, including overtime,

failing to properly calculate the "regular rate" of its Linemen for the purposes of paying overtime, and being unjustly enriched by these practices.

40.     Alternatively, this action is maintainable as a class action under Federal Rule of Civil Procedure Rule 23(b)(3), as the common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## <u>COUNT I</u>

**VIOLATIONS OF THE FLSA (PIECE RATE AND OVERTIME)**
*(Named Plaintiff and FLSA Class v. Defendant)*

41.     Named Plaintiff and members of the FLSA Class incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

42.     At all times material herein, Named Plaintiff and members of the FLSA Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

43.     Named Plaintiff and members of the FLSA Class are "employees" and Defendant is or was collectively and individually their "employer" covered under Section 203 of the FLSA.

44.    The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

45.    Under the FLSA, an employer must pay an employee at least one and one half (1½) times his or her regular rate of pay for each hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a)(1).

46.    The regulations promulgated at 29 C.F.R. § 778.11 require employers to calculate overtime for piece rate employees by dividing the total weekly income by the total number of hours worked to determine the employees "regular rate," and then paying an additional fifty percent (50%) of that rate for each hour worked beyond forty (40) hours.

47.    The overtime wage provisions set forth in the FLSA apply to Defendant and the positions held by Named Plaintiff and members of the FLSA Class.

48.    Section 13 of the FLSA exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Named Plaintiff and members of the FLSA Class.  29 U.S.C. § 213.

49.     Defendant underreported piece rate work, used this underreported piece rate to decrease the "regular rate" of pay, and failed to pay the additional fifty percent (50%) of the "regular rate" for each hour its piece rate Linemen worked beyond forty (40) hours.  Piece rate pay and overtime pay is, therefore, due and owing to Named Plaintiff and members of the FLSA Class.

50.     Defendant's failure and refusal to pay Named Plaintiff and members of the FLSA Class the correct piece rate and overtime at one and one-half (1½) times their correct "regular rate" of pay for all hours worked over forty (40) hours in a workweek was willful, intentional, and malicious.

51.     Defendant violated the FLSA by failing to pay the correct piece rate and for overtime at the correct "regular rate" of pay.  In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees, including Named Plaintiff and members of the FLSA Class.

52.     Named Plaintiff and members of the FLSA Class are entitled to damages incurred within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

53.    Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not in violation of the FLSA, and as a result thereof, Named Plaintiff and members of the FLSA Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).  Alternatively, should this Honorable Court find Defendant did not act willfully in failing to pay overtime pay, Named Plaintiff and members of the FLSA Class are entitled to an award of pre-judgment interest at the applicable legal rate.

54.    As a result of the aforesaid willful violations of the FLSA, piece rate and overtime compensation at the correct "regular rate" of pay has been unlawfully withheld by Defendant from Named Plaintiff and members of the FLSA Class. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Named Plaintiff, Joseph DaNiell, individually and on behalf of all others similarly situated opting into this collective action, respectfully requests that this Honorable Court enter Judgment in their favor and against Defendant, Figure 8 Communications, Inc., as follows:

(a)    Certify Count I as a collective action pursuant to 29 U.S.C. § 216(b);

(b)     Order Defendant to file with this Court and furnish to Plaintiffs' counsel a list of all names and addresses of all Figure 8's employees who were paid on a piece rate basis and required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period;

(c)     Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former Figure 8 employees who were paid on a piece rate basis and required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, informing them that this action has been filed, the nature of the action, and of their right to opt-in to this lawsuit if they were required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period and/or were not paid overtime pay at the proper rate;

(d)     Enter judgment in favor of Plaintiffs against Defendant for violations of the FLSA's piece rate and overtime requirements;

(e)     Award Plaintiffs their underreported piece rate and unpaid overtime wages, in an amount to be shown at trial;

(f)     Award Plaintiffs an additional equal amount as liquidated damages;

(g)     Award Plaintiffs pre- and post-judgment interest at the legal rate;

(h)     Award Plaintiffs their costs and reasonable attorneys' fees in bringing this action;

(i)     Any verdict in favor of Plaintiffs is to be molded by the Court to maximize the financial recovery available to Plaintiffs in light of any limitations placed on certain damages set forth in applicable federal and/or state law;

(j)     Enter an Order enjoining Defendant from future violations of the overtime wage provisions of the FLSA; and

(k)     Award Plaintiffs any other relief that this Court or a jury deems appropriate.

## COUNT II

### VIOLATIONS OF THE PMWA (PIECE RATE AND OVERTIME)
*(Named Plaintiff and Rule 23 Class v. Defendant)*

55.     Named Plaintiff and members of the Rule 23 Class incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

56.     Defendant is an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and is thereby subject to liability for overtime wages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq.*

57.    Like the FLSA, the PMWA mandates "[e]mployees shall be paid for overtime not less than one and one-half times the employee's regular rate as prescribed in regulations promulgated by the secretary[.]" 43 P.S. § 333.104(c).

58.    The Pennsylvania Department of Labor has adopted regulations interpreting the PMWA's overtime provision.   These regulations provide that "[e]xcept as otherwise provided in Section 5(a)–(c) of the [PMWA] (43 P. S. § 333.105(a)–(c)), each employee shall be paid for overtime not less than 1 ½ times the employee's regular rate of pay for all hours in excess of 40 hours in a workweek." 34 Pa. Code § 231.41.

59.    These regulations further provide that "[t]he term workweek shall mean a period of 7 consecutive days starting on any day selected by the employer. Overtime shall be compensated on a workweek basis regardless of whether the employee is compensated on an hourly wage, monthly salary, piece rate or other basis." 34 Pa. Code § 231.42.

60.    As with the federal regulations, the Pennsylvania regulations also provide that "[i]f the employee is paid a flat sum for a day's work or for doing a particular job without regard to the number of hours worked in the day or at the job and if he receives no other form of compensation for services, his regular rate is determined by totaling all the sums received at the day rates or job rates in the workweek and dividing by the total hours actually worked.  He is then entitled to

extra half-time pay at this rate for hours worked in excess of forty (40) in the workweek."  34 Pa. Code § 231.43(b).

61.    Defendant underreported piece rate work, used this underreported piece rate to decrease the "regular rate" of pay, and failed to pay the additional fifty percent (50%) of the correct "regular rate" for each hour its piece rate Linemen worked beyond forty (40) hours.

62.    The piece rate and overtime wage provisions set forth in the PMWA apply to Defendant and the positions held by Named Plaintiff and members of the Rule 23 Class.

63.    The PMWAA exempts certain categories of employees from overtime pay obligations.  None of the PMWA exemptions apply to Named Plaintiff and members of the Rule 23 Class.

64.    Defendant underreported piece rate work, used this underreported piece rate to decrease the "regular rate" of pay, and failed to pay the additional fifty percent (50%) of the correct "regular rate" for each hour its piece rate Linemen worked beyond forty (40) hours.  Piece rate pay and overtime pay is, therefore, due and owing to Named Plaintiff and members of the Rule 23 Class.

65.   The total amount of compensation due to Named Plaintiff and members of the Rule 23 Class by Defendant constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

66.   Defendant's failure and refusal to pay Named Plaintiff and members of the Rule 23 Class the correct piece rate and overtime at one and one-half (1½) times their correct "regular rate" of pay for all hours worked over forty (40) hours in a workweek was willful, intentional, and malicious.

WHEREFORE, Named Plaintiff, Joseph DaNiell, individually and on behalf of all others similarly situated not opting out of this class action, respectfully requests that this Honorable Court enter Judgment in their favor and against Defendant, Figure 8 Communications, Inc., as follows:

(a)   Certify the state law claim set forth in Count II above as a class action pursuant to Fed. R. Civ. P. 23;

(b)   Enter judgment in favor of Plaintiffs for violations of the PMWA's piece rate and overtime requirements;

(c)   Award Plaintiffs their unpaid piece rate and overtime wages for being required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, in an amount to be shown at trial;

(d)   Award Plaintiffs pre- and post-judgment interest at the legal rate;

(e)   Award Plaintiffs their costs and reasonable attorneys' fees in bringing this action;

(f)   Any verdict in favor of Plaintiffs is to be molded by the Court to maximize the financial recovery available to Plaintiffs in light of any limitations placed on certain damages set forth in applicable federal and/or state law;

(g)   Enter an Order enjoining Defendant from future violations of the overtime provisions of the PMWA; and

(h)   Award Plaintiffs any other relief that this Court or a jury deems appropriate.

## COUNT III

**VIOLATIONS OF THE PWPCL (FAILURE TO PAY WAGES)**
***(Named Plaintiff and Rule 23 Class v. Defendant)***

61.   Named Plaintiff and members of the Rule 23 Class incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

62.   The PWPCL provides a statutory remedy when an employer breaches a contractual obligation to pay earned wages.

63.     Defendant is an "employer" as that term is defined under the PWPCL, and is thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq*.

64.     The PWPCL defines "wages" as "all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation."  43 P.S. § 260.2a.

65.     Per the terms of the oral agreement between Defendant and its piece rate Linemen, as discussed above, Defendant agreed to pay Linemen a piece rate for each actual service performed.

66.     The amount of services performed by Linemen for the purpose of calculating their piece rate pay was recorded by those employees on daily forms and designated with a particular service code.  By regularly underreporting the piece rate services after the fact to suppress wages, and paying piece rates based on the underreported amounts, Defendant willfully deprived Named Plaintiff and members of the Rule 23 Class of wages, including overtime, to which they are entitled.

67.     Named Plaintiff and members of the Rule 23 Class are entitled to be paid their correct piece rate and one and one-half (1½) times their correct "regular rate" of pay for all hours worked in excess of forty (40) in a workweek, as provided by, *inter alia*, 29 U.S.C. § 207(a) and 43 Pa.C.S. § 333.104(c).  The failure to pay

said wages constituting a violation of 29 U.S.C. § 215(a)(2) and 43 Pa.C.S. § 333.104(c).

68.     Defendant has failed to pay Named Plaintiff and members of the Rule 23 Class their correct piece rate and one and one-half (1½) times their correct "regular rate" of pay for all hours worked in excess of forty (40) in a workweek, in violation of PMWA.  Defendant has, therefore, failed to regularly pay Named Plaintiff and members of the Rule 23 Class for all earned wages.

69.     The total amount due Named Plaintiff and members of the Rule 23 Class by Defendant constitutes wages under Section 260.2a of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

70.     In accordance with Section 260.10 of the PWPCL, by reason of Defendant's actions, Named Plaintiff and members of the Rule 23 Class are entitled to liquidated damages in an additional amount equal to twenty-five percent (25%) of all wages due or $500,whichever is greater.

71.     In accordance with Section 260.9a of the PWPCL, by reason of Defendant's actions, Named Plaintiff and members of the Rule 23 Class are entitled to reasonable attorneys' fees associated with this action.

72.     The wages withheld from Named Plaintiff and members of the Rule 23 Class were not the result of any bona fide dispute.

WHEREFORE, Named Plaintiff, Joseph DaNiell, individually and on behalf of all others similarly situated not opting out of this class action respectfully requests that this Honorable Court enter Judgment in their favor and against Defendant, Figure 8 Communications, Inc., as follows:

    (a)    Certify the state law claim set forth in Count III above as a class action pursuant to Fed. R. Civ. P. 23;

    (b)    Enter judgment in favor of Plaintiffs against Defendant for failing to pay wages in violation of the PWPCL;

    (c)    Award Plaintiffs liquidated damages in in an additional amount equal to twenty-five percent (25%) of all wages due or $500, whichever is greater, in an amount to be shown at trial;

    (d)    Award Plaintiffs pre- and post-judgment interest at the legal rate;

    (e)    Award Plaintiffs his costs and reasonable attorneys' fees in bringing this action;

    (f)    Any verdict in favor of Plaintiffs is to be molded by the Court to maximize the financial recovery available to Plaintiffs in light of any limitations placed on certain damages set forth in applicable federal and/or state law;

    (g)    Enter an Order enjoining Defendant from future violations of the wage provisions of the PWPCL; and

(h)     Award Plaintiffs any other relief that this Court or a jury deems appropriate.

## COUNT IV

### BREACH OF CONTRACT UNDER PENNSYLVANIA COMMON LAW
### *(Named Plaintiff, FLSA Class, and Rule 23 Class v. Defendant)*

73.     Named Plaintiff and members of the Rule 23 Class incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

74.     There was an implied oral agreement between Plaintiffs and Defendant that Named Plaintiff and members of the Rule 23 Class would be paid on a piece rate basis for certain services performed as Linemen.

75.     Defendant scheduled Named Plaintiff and members of the Rule 23 Class to work specific hours. Defendant agreed to and accepted labor from Named Plaintiff and members of the Rule 23 Class, which was primarily for the benefit of Defendant. Plaintiffs understood from Defendant that they would be paid an agreed upon piece rate for certain services performed as Linemen.

76.     Instead, Defendant underreported the piece rate services of its Linemen to suppress the wages and lower the "regular rate" of pay of Named Plaintiff and members of the Rule 23 Class in breach of their implied oral agreement.

77.     This underreporting of piece rate services resulted in Named Plaintiff and members of the Rule 23 Class not being paid for all piece rate services performed at their correct "regular rate" of pay in contravention of the implied oral agreement.

WHEREFORE, Named Plaintiff, Joseph DaNiell, individually and on behalf of all others similarly situated not opting out of this class action, respectfully requests that this Honorable Court enter Judgment in their favor and against Defendant, Figure 8 Communications, Inc., as follows:

(a)     Certify the state law claim set forth in Count IV above as a class action pursuant to Fed. R. Civ. P. 23;

(b)     Order Defendant to pay Plaintiffs for the improperly withheld wages in violation of its contract;

(c)     Award Plaintiffs pre-judgment and post-judgment interest as provided by law;

(d)     Any verdict in favor of Plaintiffs is to be molded by the Court to maximize the financial recovery available to Plaintiffs in light of any limitations placed on certain damages set forth in applicable federal and/or state law; and

(e)     Award Plaintiffs such other relief as the Court deems fair and equitable.

## COUNT V

### UNJUST ENRICHMENT UNDER PENNSYLVANIA COMMON LAW
### *(Named Plaintiff, FLSA Class, and Rule 23 Class v. Defendant)*

78.    Named Plaintiff and members of the Rule 23 Class incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

79.    Named Plaintiff and members of the Rule 23 Class assert this claim in the alternative to their Breach of Contract (Count IV) claims.

80.    Defendant benefited from underreporting the piece rate services of its Linemen to suppress the wages and lower the "regular rate" of pay of Named Plaintiff and members of the Rule 23 Class, and by failing to properly pay its Linemen for all work at the legal and applicable wage rates set by state and/or federal law, thereby failing to pay all piece rate and overtime wages in compliance with the law.

81.    Defendant was aware or should have been aware that they were receiving such benefits.

82.    Defendant accepted and retained such benefits under such circumstances that it is inequitable and unjust for Defendant to retain such benefits without paying fair compensation for the same.

WHEREFORE, Named Plaintiff, Joseph DaNiell, individually and on behalf of all others similarly situated not opting out of this class action, respectfully requests that this Honorable Court enter Judgment in their favor and against Defendant, Figure 8 Communications, Inc., as follows:

(a)    Certify the state law claim set forth in Count V above as a class action pursuant to Fed. R. Civ. P. 23;

(b)    Order Defendant to disgorge the value of its ill-gained benefits to Plaintiffs;

(c)    Award Plaintiffs pre-judgment and post-judgment interest as provided by law;

(d)    Any verdict in favor of Plaintiffs is to be molded by the Court to maximize the financial recovery available to Plaintiffs in light of any limitations placed on certain damages set forth in applicable federal and/or state law; and

(e)    Award Plaintiffs such other relief as the Court deems fair and equitable.

## COUNT VI

### VIOLATIONS OF THE FLSA (RETALIATION)
### *(Named Plaintiff v. Defendant)*

85.    Named Plaintiff incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

86.     At all times material herein, Named Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

87.     The FLSA contains, among other things, an antiretaliation provision that prohibits employers "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the Act], or has testified or is about to testify in such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

88.     Defendant violated the FLSA's antiretaliation provision by discriminating and retaliating against Named Plaintiff as described herein.

89.     As a result of the aforesaid willful violations of the FLSA antiretaliation provision, Named Plaintiff was wrongfully terminated under the FLSA.  Additionally, Plaintiff was subjected to emotional distress, humiliation, ridicule, a loss of self-respect and confidence, and has been subjected to great damage to his career and professional standing.

90.     Accordingly, Defendant is liable under 29 U.S.C. § 216(b) for compensatory damages Named Plaintiff suffered because of Defendant's actions.

91.     Defendant has not acted in good faith or with reasonable grounds to believe that its actions were not a violation of the FLSA, and as a result thereof, Named Plaintiff is entitled to recover an award of liquidated damages in an additional equal amount permitted by 29 U.S.C. § 216(b).

92.     Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and expenses, and costs of this action.

93.     Defendant's violation of the FLSA were intentional and undertaken with reckless indifference to Named Plaintiff's right to not be retaliated against for filing a complaint under the FLSA.

94.     Accordingly, since § 216(b) of the FLSA allows a "plaintiff to obtain punitive damages against an employer" who violates the antiretaliation provisions of § 215(a)(3), Named Plaintiff is entitled to punitive damages under 29 U.S.C. § 216(b) in an amount sufficient to deter Defendant from further retaliation against its employees who assert a complaint under the FLSA. *Marrow v. Allstate Sec. & Investigative Servs., Inc.*, 167 F. Supp. 2d 838, 846 (E.D. Pa. 2001), see also *Rhoades v. Young Women's Christian Ass'n of Greater Pittsburgh*, CIV. A. 09-261, 2009 WL 3319820 (W.D. Pa. Oct. 14, 2009).

95.    Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds, Named Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

WHEREFORE, Named Plaintiff, Joseph DaNiell, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendant, Figure 8 Communications, Inc., as follows:

(a)    Enter judgment in favor of Named Plaintiff against Defendant for violations of the FLSA's antiretaliation provision;

(b)    Award Named Plaintiff front pay and back pay, in an amount to be shown at trial;

(c)    Award Named Plaintiff all compensatory, exemplary, liquidated, and punitive damage, including compensation for any retirement and/or tax consequences;

(d)    Award Named Plaintiff an additional equal amount as liquidated damages;

(e)    Award Named Plaintiff pre- and post-judgment interest at the legal rate;

(f)    Award Named Plaintiff their costs and reasonable attorneys' fees in bringing this action;

(g)     Enter an Order enjoining Defendant from future violations of the antiretaliation provisions of the FLSA; and

(h)     Award Named Plaintiff any other relief that this Court or a jury deems appropriate.

## **JURY DEMAND**

Named Plaintiff, individually and on behalf of all other similarly situated members of the FLSA Class and Rule 23 Class, demands a trial by jury on all issues triable to a jury as a matter of right.

Respectfully submitted,

WEISBERG CUMMINGS, P.C.

July 2, 2020          /s/ Derrek W. Cummings
Date                  Derrek W. Cummings, Esquire (PA 83286)
                      dcummings@weisbergcummings.com

                      /s/ Larry A. Weisberg
                      Larry A. Weisberg, Esquire (PA 83410)
                      lweisberg@weisbergcummings.com

                      /s/ Steve T. Mahan
                      Steve T. Mahan, Esquire (PA 313550)
                      smahan@weisbergcummings.com

                      2704 Commerce Drive, Suite B
                      Harrisburg, PA 17110-9380
                      (717) 238-5707
                      (717) 233-8133 (Fax)

                      *Counsel for Plaintiffs*