IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEFF DANIELL, individually and on behalf of all others similarly situated, | ) ) | Case No. 3:20-CV-125 |
| Plaintiff, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) | |
| FIGURE 8 COMMUNICATIONS, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the Court upon consideration of Plaintiff Joseff DaNeill's "Motion for FLSA Collective Action Certification" and brief in support (ECF Nos. 19, 20) to conditionally certify the class and to facilitate notice. Defendant Figure 8 Communications, Inc. ("Figure 8") has not filed a response. For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

I. **Background**

DaNeill filed this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Pennsylvania Minimum Wage Act, 43 Pa Cons. Stat. § 333.101, *et seq.* to recover damages for non-payment of overtime wages for Plaintiff and all others similarly situated on July 2, 2020. (ECF No. 1) Figure 8 filed its Answer on September 11, 2020. (ECF No. 7) Thereafter, the parties conducted discovery on the issue of collective action certification. (ECF No. 12) On March 30, 2021, DaNeill filed the instant Motion for FLSA Collective Action Certification and brief in support. (ECF Nos. 19, 20) Figure 8 did not file a response and the time for filing a response has passed. Therefore, this motion is ripe for disposition.

## II. Legal Standard

The FLSA requires that employers pay overtime compensation to all non-exempt employees. 29 U.S.C. § 207(a)(1). The FLSA contains a provision that permits an employee to institute a representative action on behalf of that employee and all other employees similarly situated. 29 U.S.C. § 216(b). The twin requirements for a § 216(b) class action are that employees be similarly situated and that each class member file individual consent with the court in which the action is brought. *Bishop v. AT&T Corp.*, 256 F.R.D. 503, 506 (W.D. Pa. 2009) (citing *Sperling v. Hoffman La–Roche, Inc.*, 862 F.2d 439, 444 (3d. Cir. 1988)).

The Third Circuit has embraced a two-tier approach to class certification. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 (3d Cir. 2012). Conditional certification is not really a certification, but is rather the district court's exercise of its discretionary power to facilitate the sending of notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under the FLSA. *Id.* (citing *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 194 (3d Cir. 2011)).

The initial stage requires a "modest factual showing," under which a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected [him] and the manner in which it affected other employees." *Id.* at 536 n. 4 (quoting *Symczyk*, 656 F.3d at 193). At the second stage, the plaintiffs must satisfy their burden by a preponderance of the evidence. *Id.* at 537. On final certification the court must determine "whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* (quoting *Myers v.*

*Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)).  The FLSA is a remedial statute that should be liberally construed.  *Id.* (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1265 (11th Cir. 2008)).

### III. Discussion

#### a. Conditional Collective Action Certification

DaNeill asks that this Court enter an order conditionally certifying an FLSA class[1] composed of "all current and former employees of Figure 8 Communications, Inc., who were paid on a piece rate basis at any time within three (3) years prior to this action's filing date through the final disposition of this action at any time from three (3) years before this case was filed to the present."  (ECF No. 19 at 1)  He also requests that the Court facilitate providing notice to potential class members.  (ECF Nos. 19, 20)

Bearing in mind that Plaintiff need merely make a "modest factual showing" in order to obtain conditional certification, the Court finds that such a showing has been made, and that the class shall be conditionally certified.

DaNeill was employed by Figure 8.  (ECF No. 7 ¶¶ 1, 2,10)  Figure 8 employs Linemen such as DaNiell to provide construction installation and maintenance services to telecommunication companies throughout the Northeastern United States, including the Commonwealth of Pennsylvania.  (ECF Nos. 1 ¶ B.1; 7 ¶ B.1, 10)  Figure 8 employed DaNeill and others on a piece rate basis. (ECF No. 7 ¶ 10)

---

[1] For clarity and consistency throughout this Memorandum Opinion, the Court opts to use "class" rather than collective" when referring to membership in this collective action.

According to DaNeill's declaration, Figure 8 had a "uniform piece rate compensation system" that applied to all linemen and groundhands. (ECF No. 20-1 ¶3) Piece rate employees were compensated based in part on each piece rate employee's percentage of the rates applicable to various tasks, subject to each employee's minimum hourly rate. (*Id.* ¶ 4) Piece rate employees are scheduled to work a 40 hour week and are paid based on a combination of the piece rate work and their scheduled time rather than their actual work time. (*Id.* ¶ 6) In addition, when performing non-piece rate work, DaNeill was paid $10 an hour and a flat rate of $150 for on-call time, plus $10 per hour for work performed during on-call time. (*Id.* ¶ 7) The piece rate between individual employees differed, but the compensation system was the same for all piece rate employees. (*Id.* ¶ 8) Piece rate employees at Figure 8 "typically work" sixty to seventy hours per week, but were not paid overtime and "Figure 8's piece rate compensation system was enforced by Figure 8's management on a company-wide basis for all of their piece rate employees." (ECF No. 20-1 ¶¶ 9-10) Figure 8 refused to pay piece rate employees any overtime because Figure 8 claims that "employees paid on a piece rate basis are not eligible for overtime." (ECF No. 20-1 ¶¶ 9, 12)

DaNeill's declaration also states that Figure 8 had a common practice of paying piece rates below the agreed upon amount. (*Id.* ¶ 13) Figure 8's foremen would send fictitious work reports that underreported the actual piece rate work performed by individuals on their crews and those work reports also underreported the length of their crew members' shifts. (ECF No. 20-1 ¶ 14)

In support of his motion, DaNeill presents copies of daily work records for the week of January 13, 2019, through January 13, 2019, and his pay statement from that same week showing that: (1) he worked 55.5 hours during that period, (2) he was paid $10 per hour for 24.3 hours of those hours for a total of $245, and (3) he was paid a piece rate of $608.35. (ECF No. 20-2) Thus, when combined, he was paid $853.35 for that week. When the total is divided by the total number of hours worked (55.5), his base hourly rate for that week was $15.38. The overtime premium for that amount would be $7.69 per hour. That premium multiplied by the number of overtime hours he worked over 40 hours that week—15.5 hours—would result in a total overtime premium of $119.16 that Figure 8 owed to DaNeill that he did not receive.

After consideration of the Complaint and the evidence presented by DaNeill in support of the motion, the Court finds that DaNeill has met his burden at this initial stage to make a "modest factual showing," and he has produced some evidence "'beyond pure speculation,' of a factual nexus between the manner in which [Figure 8's] alleged policy affected [him] and the manner in which it affected other employees." *Zavala*, 691 F.3d at 536 n.4 (quoting *Symczyk*, 656 F.3d at 193).

    b. **Definition of the Class**

Plaintiff asks that this Court define the conditionally certified class to include "all current and former employees of Figure 8 Communications, Inc., who were paid on a piece rate basis at any time within three (3) years prior to this action's filing date through the final disposition of this action at any time from three (3) years before this case was filed to the present." (ECF No. 19 at 1)

The Court is satisfied that the employees who worked for Figure 8 were similarly situated to Plaintiff. The Court will modify the description of the requested class for clarity, and will conditionally certify the following class:

> All current and former employees of Figure 8 Communications, Inc., who were paid on a piece rate basis at any time within the period from three years prior to July 2, 2020, to July 2, 2020, and at any time within the period from July 2, 2020, to the present.

### c. Facilitation of Notice to the Proposed FLSA Notice Group

To facilitate notice to the class, DaNeill asks this Court to instruct Figure 8 to provide him with the following information in a computer readable file: (1) names, (2) mailing addresses, (3) dates of employment (to determine whether they fall within the applicable limitation period); (4) piece rate projects worked on along with contracted piece rate amounts and the actual piece rate amounts paid; (5) social security numbers (to aid in locating persons whose notices are returned for failed addresses); (6) and employee ID numbers and e-mail addresses of each member of the Proposed FLSA Notice Group. (ECF No. 20 at 28). Plaintiff also requests that the Court order a 90-day period after the mailing of notice for the individuals mailed notice to postmark their consent forms to join the case. (ECF No. 20 at 28)

The Court declines at this point to delineate what information the Defendant must provide, how notice will be effectuated, or the timeline for notice. Instead, the Court will require the parties to meet and confer to discuss the form and method of notice to the prospective class members, with any disputes encountered therewith to be dealt with upon a motion to the Court. *See Tupitza v. Texas Roadhouse Mgmt. Corp.*, No. 1:20-CV-2, 2020 WL 6268631, at *8 (W.D. Pa. Oct. 21, 2020).

## IV. Conclusion

The Court finds that Plaintiff's motion to certify the class conditionally shall be granted. The parties are instructed to meet in order to find a mutually-agreeable means of contacting the class.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEFF DANIELL, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>  v.<br><br>FIGURE 8 COMMUNICATIONS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:20-CV-125<br><br>JUDGE KIM R. GIBSON |

### ORDER

**AND NOW**, this 2nd day of August, 2021, upon consideration of Plaintiff's Motion for FLSA Collective Action Certification (ECF No. 19), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff's motion is **GRANTED**. The following class is conditionally certified:

> All current and former employees of Figure 8 Communications, Inc., who were paid on a piece rate basis at any time within the period from three years prior to July 2, 2020, to July 2, 2020, and at any time within the period from July 2, 2020, to the present.

**IT IS FURTHER ORDERED** that the parties shall meet and confer in order to find a mutually-agreeable means of contacting the class, and by no later than **September 3, 2021**, the parties shall file a joint motion, and/or separate motions if they are unable to reach an agreement, regarding how the class will be contacted.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**